UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

ANGELA SANTIAGO,

              Plaintiff,

    v.

GEICO ADVANTAGE INSURANCE
COMPANY,

              Defendant.

CASE NO. 2:22-cv-01370-RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on "GEICO's Motion for Protective Order."
Dkt. # 16. Plaintiff alleges that she was injured in a car accident caused by the negligence
of Latisha Allen. Plaintiff filed a lawsuit against Allen in July 2021. Allen was insured by
GEICO General Insurance Company ("GEICO General") for the minimum liability policy
limit of $25,000. GEICO General defended the lawsuit on Allen's behalf, and plaintiff put
her own insurer, defendant GEICO Advantage Insurance Company, on notice that she may
be making a claim under her underinsured motorists ("UIM") coverage as a result of the
accident and her resulting injuries. Defendant did not intervene in the lawsuit against

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 1

Allen, and plaintiff was awarded $101,142.08 in damages. GEICO General paid plaintiff its policy limit of $25,000.

On May 9, 2022, plaintiff requested that defendant pay the remaining damages to which she was entitled under her UIM coverage. It did not do so, and plaintiff filed this lawsuit against defendant on or about August 30, 2022. Plaintiff alleges that defendant denied coverage without conducting a reasonable investigation, failed to make a good faith effort to settle a claim in which liability was reasonably clear, compelled its insured to initiate litigation to recover amounts due, failed to provide an explanation for its coverage determination, and otherwise violated the terms of the insurance contract and Washington's insurance regulations.

In February 2023, plaintiff served requests for production seeking, *inter alia*, employee performance records for ten GEICO employees (RFP No. 4) and GEICO training materials involving the designation "TCR" (RFP Nos. 6-8). Plaintiff also served a third-party subpoena on GEICO General for production of Allen's claim file and the reserve information for that claim. Defendant objected, asserting that only one of the identified employees "substantially handled Plaintiff's UIM claim," that the TCR manuals were not relevant because "[t]he TCR Department did not handle, adjust, or do anything substantial with the evaluation and adjustment of Plaintiff's UIM claim," and that plaintiff was entitled only to that which "is "traditionally disclosed in a 3rd party claims file, photos, estimates, and medical records." Dkt. # 17-1 at 22, 25, and 41. Defendant instructed

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 2

GEICO General to not disclose any documents in response to plaintiff's subpoena. Dkt. # 10 at 2. GEICO General neither objected nor responded to the subpoena.

**A. Employee Performance Records**

Plaintiff seeks the "employee performance records" for ten "GEICO claims personnel involved in the investigation of plaintiff's insurance claim." Dkt. # 18 at 8. She argues that the records will illuminate the employees' experience and training in the investigation of claims, but it is unclear how that information bears on what the individuals did with regards to plaintiff's UIM claim or whether that conduct violated the terms of the insurance contract or Washington's insurance regulations. Based on the existing record, there is no reason to suspect that the employees' performance evaluations, training records, or personnel records are relevant to plaintiffs' claims or, given their wholly speculative importance, that the production is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Moreover, the information sought in RFP No. 4 is personal to specific GEICO employees and is presumably not widely known. *Schreib v. Am. Family Mut. Ins. Co.*, No. 2:14-cv-00165-JLR, Dkt. # 41 at 10 (W.D. Wash. Oct. 14, 2014). Disclosure may serve to embarrass, annoy, and harass these employees, and the risk of such harms outweighs any potential, unstated benefit of the proposed discovery. As was the case in *Schreib*, plaintiff may be able to narrow her discovery requests or otherwise establish the relevance of the material sought in the future (*see* No. 2:14-cv-00165-JLR, Dkt. # 54 at 14), but at this point, defendant has shown good cause for a protective order.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**B. TCR Manuals**

Plaintiff requested a number of training manuals, most of which defendant has agreed to produce. Defendant objects to the production of manuals with "TCR" in the title, however, asserting that "GEICO's TCR department did not handle Plaintiff's UIM claims." Dkt. # 16 at 9. There is no evidence supporting this assertion or plaintiff's counter-assertion that her attorney "is not aware of any such 'department'; only that TCR2 is an employee designation describing a bodily injury claims adjuster (as opposed to a TCR1 liability claims adjuster who investigates liability and coverage)." Dkt. # 18 at 9. Without information regarding the nature, scope, and purpose of these manuals, it is impossible to determine their relevance to plaintiff's claims. Even if the Court were to assume that some of the GEICO employees who touched plaintiff's UIM claim had TCR-related training, plaintiff has not explained how the contents of that training will illuminate what the employees did in this case or whether that conduct violated the terms of the insurance contract or Washington's insurance regulations. Defendant has shown good cause for a protective order.

**C. Allen Claim File**

Defendant argues that when an insurer investigates a third-party claim against its insured – in this case, plaintiff's claim against GEICO General's insured, Latisha Allen – the investigation is undertaken with the understanding that litigation will likely occur if the claim is denied and the resulting documents and tangible things are therefore protected by

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 4

the work product doctrine pursuant to Federal Rule Civil Procedure 26(b)(3).[1] GEICO also argues that Allen's statements to her insurer are confidential under Washington law and that the reserve information plaintiff seeks is irrelevant. Plaintiff asserts that any objections to the subpoena, including those based on a privilege, have been waived because GEICO General failed to respond, that defendant's claim of work product protection failed to comply with the governing rules, and that GEICO General's investigation of plaintiff's claim is highly relevant because defendant chose to rely on that investigation when denying plaintiff's claim for UIM benefits.

"As a general rule, a party lacks standing under Fed. R. Civ. P. 45(c)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Erickson v. Microaire Surgical Instruments LLC*, No. C08-5745BHS, 2010 WL 1881946, at *2 (W.D. Wash. May 6, 2010). *See also Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4-5 (N.D. Cal. Aug. 22, 2013) (holding that a party has standing only to the extent of their personal stake in the information sought). A party does not, for example, have standing to object to a subpoena served on a nonparty on the grounds of undue

---

[1] Although defendant mentions the attorney-client privilege in the introductory sections of its motion and in a section heading, only the work product doctrine is discussed in relationship to the Allen claims file. The work product doctrine, as opposed to the attorney-client privilege, is a procedural immunity governed by Federal Rule of Civil Procedure 26(b)(3). *Johnson v. Allstate Ins. Co.*, No. C11-0927RSM, 2012 WL 707160, at *1 (W.D. Wash. Mar. 5, 2012). Therefore, although Washington law would apply to claims of attorney-client privilege, federal law applies to claims of work product protection. *Barge v. State Farm Mut. Auto. Ins. Co.*, No. C16-0249JLR, 2016 WL 6601643, at *5 (W.D. Wash. Nov. 8, 2016).

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 5

burden or to assert a privilege that it does not hold. *Erickson*, 2010 WL 1881946, at *2;

*Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994). Any

claim of privilege over or confidentiality of the claim file plaintiff seeks belongs to GEICO

General or its insured, Latisha Allen. Defendant has not identified any interest, right, or

privilege it has in the information requested. Defendant therefore lacks standing to

challenge the subpoena, and its objections are overruled on that ground.

        For all of the foregoing reasons, defendant's motion for protective order is

GRANTED in part and DENIED in part. Defendant need not supplement its responses to

RFP Nos. 4, 6, 7, or 8, but its objections to a third-party subpoena issued to a separate

entity are overruled. Defendant shall immediately notify GEICO General of the Court's

decision. *See* Dkt. # 10 at ¶ 3.

        Dated this 21st day of April, 2023.

                                        Robert S. Lasnik
                                        United States District Judge