UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ANGELA SANTIAGO, <br><br>　　　　　　　Plaintiff, <br><br>　　v. <br><br> GEICO ADVANTAGE INSURANCE COMPANY, <br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-01370-RSL <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on "Plaintiffs' [sic] Motion to Compel Production of Documents by GEICO General Insurance Company." Dkt. # 23. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff alleges that she was injured in a car accident caused by the negligence of Latisha Allen. Plaintiff filed a lawsuit against Ms. Allen in July 2021. Ms. Allen was insured by GEICO General Insurance Company ("GEICO General") with a liability policy limit of $25,000. GEICO General defended the lawsuit on Ms. Allen's behalf, and plaintiff put her own insurer, defendant GEICO Advantage Insurance Company ("GEICO

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 1

Advantage"), on notice that she may be making a claim under her underinsured motorists ("UIM") coverage as a result of the accident and her resulting injuries. GEICO Advantage did not intervene in plaintiff's lawsuit against Ms. Allen. Plaintiff was awarded $101,142.08 in damages, and GEICO General paid plaintiff its policy limits of $25,000.

On May 9, 2022, plaintiff requested that GEICO Advantage pay the remaining damages to which she was entitled under her UIM coverage. Plaintiff alleges that GEICO Advantage did not question plaintiff or perform a medical examination when evaluating her claim for UIM coverage, instead relying on the record compiled by GEICO General in the underlying case against Ms. Allen. GEICO Advantage concluded that plaintiff had been fully compensated by GEICO General's payment and declined to pay the balance of the judgment. Plaintiff filed this lawsuit against GEICO Advantage alleging that defendant denied coverage without conducting a reasonable investigation, failed to make a good faith effort to settle a claim in which liability was reasonably clear, compelled its insured to initiate litigation to recover amounts due, failed to provide an explanation for its coverage determination, and otherwise violated the terms of the insurance contract and Washington's insurance regulations.

On March 21, 2023, plaintiff served a third-party subpoena on GEICO General for production of Ms. Allen's claim file and the reserve information for that claim. GEICO General did not serve written objections to the subpoena or otherwise respond. GEICO Advantage objected, however, asserting that plaintiff was entitled only to that which "is

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 2

"traditionally disclosed in a 3rd party claims file, photos, estimates, and medical records" (Dkt. # 30-1 at 7), and instructing GEICO General not to disclose any documents in response to plaintiff's subpoena (Dkt. # 10 at 2). When GEICO Advantage filed a motion for protective order regarding the third-party claims file, plaintiff pointed out that GEICO General had failed to object within the time allowed, that GEICO Advantage lacked standing to assert objections, and that the failure to timely serve objections constituted a waiver. Dkt. # 18 at 5-7. GEICO Advantage ignored the argument in reply, making no substantive or procedural response. Dkt. # 20. The objections were overruled on the ground that GEICO Advantage had no personal right or privilege with respect to the documents requested and therefore lacked standing under Federal Rule of Civil Procedure 45(c)(3) to challenge the subpoena issued to GEICO General. Dkt. # 21 at 4-6. Four days after the Court issued its ruling, GEICO General filed and served its objections.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection" which "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." GEICO General did not file its objection to the subpoena until April 25, 2023, well after the deadline established by Rule 45. Dkt. # 22. "GEICO" – an undifferentiated entity -- now takes the position that communications GEICO Advantage's counsel had with plaintiff's counsel prior to the issuance of the subpoena were in fact on behalf of GEICO General and

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 3

satisfied the Rule 45(d) requirements. This assertion was not timely raised in the context of the prior motion for protective order or a motion for reconsideration. Moreover, the communications on which "GEICO" relies were made before the command to produce was served and do not, therefore, qualify as objections to a subpoena that had not yet issued.

Even if the Court were willing to consider the pre-issuance communications and/or GEICO General's April 25th objections, a party claiming a privilege in response to a Rule 45 subpoena must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). As set forth above, counsel for GEICO Advantage acknowledged that some of the documents and information contained in the third-party claims file is not privileged, and there is no indication that a privilege log or other description of the withheld materials has been provided.

Having failed to utilize the procedures set forth in Federal Rule of Civil Procedure 45 to safeguard materials protected by the work product doctrine, the claim of protection is waived. Plaintiff's motion to compel is therefore GRANTED. GEICO General Insurance Company shall produce a complete copy of the "a-log" for Claim No. 048173968-0101-111 and all documents setting forth reserve information for the claim asserted by plaintiff

against Ms. Allen. The information provided shall be treated as confidential under the terms of the protective order entered in this matter. Dkt. # 15.

Dated this 22nd day of June, 2023.

*/s/ Robt S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 5