UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ANGELA SANTIAGO,<br><br>            Plaintiff,<br><br>       v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:22-cv-01370-RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "GEICO's Motion for a Protective Order." Dkt. # 40. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff alleges that she was injured in a car accident caused by the negligence of Latisha Allen. Plaintiff filed a lawsuit against Ms. Allen in July 2021. Ms. Allen was insured by GEICO General Insurance Company ("GEICO General") with a liability policy limit of $25,000. GEICO General defended the lawsuit on Ms. Allen's behalf. Plaintiff alleges that she made a pre-suit settlement proposal to GEICO General in June 2021 and that she provided notice in November 2021 to her own insurer, defendant GEICO

Advantage Insurance Company ("GEICO Advantage"), that she may be making a claim under her underinsured motorists ("UIM") coverage. Dkt. # 1-3 at ¶¶ 2.4 and 2.9. GEICO Advantage did not intervene in plaintiff's lawsuit against Ms. Allen. GEICO Advantage asserts that it did not open plaintiff's UIM claim until March 4, 2022, a few days after the arbitrator awarded plaintiff $101,142.08 in damages. GEICO General paid plaintiff its policy limits of $25,000.

On May 9, 2022, plaintiff requested that GEICO Advantage pay the remaining damages to which she was entitled under the arbitrator's award. Dkt. # 1-3 at ¶ 2.30. The insurer concluded that plaintiff had been fully compensated by GEICO General's payment and declined to pay the balance of the award. Plaintiff filed this lawsuit against GEICO Advantage alleging that defendant denied coverage without conducting a reasonable investigation, failed to make a good faith effort to settle a claim in which liability was reasonably clear, compelled its insured to initiate litigation to recover amounts due, failed to provide an explanation for its coverage determination, and otherwise violated the terms of the insurance contract and Washington's insurance regulations.

On May 23, 2023, plaintiff served an amended Rule 30(b)(6) deposition notice and subpoena duces tecum on GEICO Advantage. Defendant argues that the scope of the discovery should be temporally and geographically limited and that it should be permitted to limit its responses to information regarding UIM claims. In addition, defendant objects to the majority of the topics identified in the notice.

### A. Temporal Limitation

Defendant argues that it should be required to produce documents from and witnesses to testify about the period from the opening of GEICO Advantage's claim file on March 4, 2022,[1] to plaintiff's submission of an Insurance Fair Conduct Act ("IFCA") notice on June 21, 2022. While plaintiff agrees that the date of the claim denial and IFCA notice is a reasonable end date, a March 2022 beginning date would be inappropriate given plaintiff's theory of the case and the contents of the insurer's claim file. Plaintiff argues, with some support, that GEICO Advantage, through GEICO General, was aware of the accident that gave rise to this litigation long before March 2022 and that it, in fact, opened a claim file on August 21, 2018. Plaintiff is entitled to discovery showing what GEICO Advantage did and did not do between the date of the accident and the denial of the claim.

### B. Geographic Limitation

Defendant seeks an order limiting the scope of the deposition and subpoena to information from Washington State. Plaintiff does not oppose this limitation. This aspect of the motion for protective order is therefore granted.

---

[1] GEICO Advantage subsequently offered to allow questioning back to November 2, 2021, the date on which plaintiff asked that a UIM claim be opened. The offer was declined.

### C. UIM Limitation

Defendant argues that only information regarding UIM coverage and claims handling is relevant. This is an arbitrary limitation that would prevent plaintiff from asking the 30(b)(6) witness about the differences between first- and third-party coverage, how information is shared across sister companies, how GEICO Advantage interprets similar policy language in other contexts, *etc*. While the Court expects counsel to pursue a reasonable inquiry as permitted by Rule 26(b)(1) and defendant is entitled to lodge objections on the record, the Court will not impose a barrier to questioning that could have unintended consequences.

### D. Topic 1

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding GEICO's organizational hierarchy from Berkshire Hathaway on down. While there appears to be little, if any, relevance to an exhaustive description of the interrelationship of all GEICO-labeled entities, plaintiff is entitled to know how GEICO Advantage and GEICO General are related. Her theory of the case is that the two companies shared information, with GEICO Advantage relying on GEICO General to investigate plaintiff's claims and damages instead of performing its own investigation and evaluation. This aspect of the motion for protective order is granted in part.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 4

**E. Topic 8**

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding the contents of and abbreviations used in GEICO000496-000524. While there may be some information to which plaintiff is entitled, she cannot obtain disclosure of privileged or work product information recorded on and redacted from those pages. If, as plaintiff asserts, the only evidence that defendant evaluated plaintiff's claim is in the redacted entries, defendant will have to choose whether it intends to use the privilege as a sword or a shield: it will not be permitted to do both.

**F. Topic 11**

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding claim documentation for Claim No. 048173968-0101-111 opened by GEICO General for its insured, Ms. Allen. GEICO General waived any claim of privilege or work product protection and has been directed to produce a complete copy of Ms. Allen's claim file. Plaintiff may question GEICO Advantage's witness regarding the claim documentation and what was available to GEICO Advantage regarding that claim file.

**G. Topic 13(ii-iv)**

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding the redacted portions of the claims file related to Claim No. 057840709-0101-048. While there may be some information regarding the privileged and protected materials to which plaintiff is entitled (such as the author, recipients, date, context, etc.), she cannot obtain

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 5

disclosure of the materials through a 30(b)(6) deposition. If, as plaintiff asserts, the only evidence that defendant evaluated plaintiff's claim is in the redacted entries, defendant will have to choose whether it intends to use the privilege as a sword or a shield: it will not be permitted to do both.

**H. Topic 15**

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding the training, credentials, employment tenure, and involvement of thirteen GEICO employees who had some role in the handling of Claim No. 057840709-0101-048 and/or Claim No. 048173968-0101-111. Defendant has agreed to provide general testimony regarding the training of UIM handlers and the tenure of the employees with GEICO. It argues, however, that plaintiff should be permitted to inquire only as to UIM handler Michelle Long, who had significant involvement with plaintiff's UIM claim after March 2022, and that the inquiry should be limited to what Ms. Long did with regards to plaintiff's UIM claim.

Each of the thirteen employees played a role in the handling of Ms. Allen's and/or plaintiff's claims. Defendant cannot limit discovery to only the most involved of its employees, nor would it be appropriate to ignore what those employees knew or did prior to the official opening of plaintiff's claim. With regards to the thirteen employees, plaintiff is entitled to know how they were involved, what they did (and did not do) with regards to the claims, how defendant's general training, policies, and practices informed their actions, and whether they hold any relevant certificates or credentials.

### I. Topic 16

Plaintiff has requested that the 30(b)(6) witness be prepared to testify regarding GEICO's guidelines for intervening in court proceedings when a UIM claim is in the offing. This information goes to the heart of plaintiff's theory of the case, which is that GEICO Advantage should have intervened (or otherwise taken a role) in the underlying litigation against Ms. Allen if it hoped to limit the damages to which plaintiff was entitled under the UIM coverage.

### J. Topics 18-25

Plaintiff seeks information regarding all facts, opinions, people, and documents supporting defendant's affirmative defenses. Defendant objects to the extent plaintiff intends to ask the 30(b)(6) witness to disclose privileged or protected communications and/or to give legal opinions. Plaintiff has not responded to this aspect of the motion for protective order. This aspect of the motion for protective order is therefore granted.

### K. Subpoena Duces Tecum

Plaintiff has withdrawn the "admittedly irregular subpoena." Dkt. # 47 at 12. This aspect of the motion for protective order is therefore granted.

//

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 7

For all of the foregoing reasons, defendant's motion for protective order is GRANTED in part and DENIED in part.

Dated this 22nd day of June, 2023.

                               Robert S. Lasnik
                               United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PROTECTIVE ORDER - 8