UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA SANTIAGO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. C22-1370RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant GEICO Advantage Insurance Company's "Motion for Summary Judgment re: Extracontractual Claims and Effect of Arbitration *de Novo*." Dkt. # 34. Plaintiff sued her insurer alleging claims of breach of contract, breach of the duty to act in good faith, and violations of the Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA"). GEICO seeks summary determinations that it acted reasonably in investigating and valuing plaintiff's underinsured motorist claim, that plaintiff has not shown injury to business or property for purposes of her CPA claim, and that GEICO is not bound by an arbitration award when the at-fault driver requested a trial *de novo*.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*,

925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

I. **BACKGROUND**

Plaintiff alleges that she was injured in a car accident caused by the negligence of Latisha Allen. Plaintiff filed a lawsuit against Allen in July 2021. Allen was insured by GEICO General Insurance Company ("GEICO General") with a liability policy limit of $25,000. GEICO General defended the lawsuit on Allen's behalf, and plaintiff put her own insurer, defendant GEICO Advantage Insurance Company ("GEICO"), on notice that she may be making a claim under her underinsured motorists ("UIM") coverage. The lawsuit proceeded to arbitration. Defendant did not intervene, leaving the defense of the case to GEICO General. Plaintiff obtained an arbitration award in the amount of $101,142.08. Allen filed a request for a trial *de novo* from the arbitration award but settled the dispute before trial. GEICO General paid plaintiff its policy limit of $25,000.

On May 9, 2022, plaintiff requested that defendant pay the balance of the arbitration award, which was $76,142.08, under her UIM coverage. GEICO declined, asserting that Allen's request for a trial *de novo* negated the arbitration award and that the settlement prevented entry of a judgment or final decision by the court. GEICO requested information and documents regarding the accident and the claimed damages. Plaintiff

pointed out that GEICO entities insured both plaintiff and Allen and that defendant already had access to all of the information developed during the arbitration proceeding, including medical and billing records, plaintiff's deposition transcript, and her treating physician's report regarding plaintiff's future treatment needs. Plaintiff reiterated that the arbitrator had conducted a hearing and concluded that plaintiff had been damaged in the amount of $101,142.08, of which plaintiff had so far recovered only $25,000.

GEICO reviewed plaintiff's medical records, photographs of the vehicles involved in the accident, and the repair estimate for plaintiff's car before declining to make a payment of the claimed benefits. There is no indication that defendant reviewed or considered plaintiff's deposition testimony, her medical providers' projections regarding future treatment, or the arbitrator's award. While GEICO agreed that plaintiff's past medical bills of $7,925.57 were reasonable and necessary and that plaintiff would be entitled to UIM coverage if Allen were underinsured, it determined that her general damages did not exceed $10,000, meaning that plaintiff was fully compensated by GEICO General's payment of $25,000. GEICO offered an additional $1,000 in full and final settlement of the claim for UIM benefits, inclusive of attorney's fees. Plaintiff accused GEICO of failing to consider all of the evidence in the case, failing to conduct a reasonable investigation of her claim, and failing to make a fair settlement of a claim where liability was reasonably clear. She provided notice of her intent to file an IFCA claim. This lawsuit followed.

## II.     DISCUSSION

### A. IFCA Claim

IFCA provides that a first-party claimant to an insurance policy "who is unreasonably denied a claim for coverage or payment of benefits by an insurer" may bring an action for damages. RCW 48.30.015(1). However, "IFCA does not create an independent cause of action for regulatory violations" absent an underlying unreasonable denial of coverage or benefits. *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 684 (2017). In *Perez-Crisantos*, the Washington Supreme Court considered whether an insured can sue his insurance company under IFCA for Washington regulatory violations. The court held that a violation of the WAC does not give rise to a private cause of action under IFCA against the insurer, reiterating the language of RCW 48.30.015(1) which requires evidence of an unreasonable denial of coverage or an unreasonable denial of payment of benefits, rather than a violation of the WAC. *Id*. at 680-83. The court specifically noted, however, that certain regulatory violations, such as a failure to conduct a reasonable investigation before denying a claim in violation of WAC 284-30-330(4), could themselves be actionable under IFCA if they constituted an unreasonable denial of coverage or payment. 187 Wn.2d at 678.

There is evidence from which a reasonable fact finder could conclude that GEICO denied payment of benefits under the UIM policy without considering the majority of the evidence that was relevant to the valuation of plaintiff's past, present, or future pain and suffering, and/or her future medical expenses. GEICO insists that it made a reasonable

evaluation of plaintiff's general damages, but its own documentation suggests that it did not consider the evidence related to those damages, instead simply setting the amount of plaintiff's general damages on a par with plaintiff's out-of-pocket expenses.[1]

In the circumstances presented here, where the insurer's valuation of plaintiff's claims ignored relevant information and instead appears to have relied on some sort of bare proportionality analysis, there is at least an inference that GEICO's investigation and/or valuation was unreasonable. While a mere "disagreement about the amount of damages based on available evidence cannot ground a claim for failure to investigate," *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, 739 F. App'x 381, 384 (9th Cir. 2018) (citing *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 334 (2000)), or support an award of *Olympic Steamship* fees, *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280 (1994), ignoring relevant evidence can.

### B. Bad Faith Claim

An insurer owes its insured a duty of good faith, the violation of which may give rise to an action in tort. *See Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 764 (2002). To establish bad faith by an insurer, an insured "must show that the insurer's

---

[1] GEICO suggests that it was unable to review plaintiff's testimony regarding her general damages, her providers' recommendations for future treatment, and her up-to-date medical records because plaintiff refused to provide that information upon request. The record shows, however, that plaintiff identified these materials in correspondence with her insurer, pointing out that they were produced in the underlying litigation against Allen and that GEICO already had access to the information it requested. Plaintiff did not provide any documents directly to defendant. The fact that the insurer apparently obtained and reviewed only some of the records plaintiff identified before denying payment is not plaintiff's fault.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6

breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485 (2003). "Whether an insurer acted in bad faith is a question of fact," which can be decided on summary judgment only if reasonable minds could not differ in finding the insurer's conduct unreasonable. *Id.* Although bad faith does not require proof of an intentional misrepresentation or fraud, *Tyler v. Grange Ins. Ass'n*, 3 Wn. App. 167, 173-74 (1970), it requires more than a simple mistake. If the insurer "acts honestly, bases its decision on adequate information, and does not overemphasize its own interest," a bad faith claim cannot succeed. *Werlinger v. Clarendon Nat. Ins. Co.*, 129 Wn. App. 804, 808 (2005).

      In its motion for summary judgment, GEICO argued that plaintiff had failed to identify any act or conduct that was unreasonable, frivolous, or unfounded. Dkt. # 34 at 9. When plaintiff responded with a list of allegedly unreasonable conduct (*e.g.*, delaying an investigation for 3 ½ years following the accident, failing to initiate an investigation for 4 months after plaintiff made a UIM claim, refusing to participate in the underlying negligence action against Allen and then using her request for trial *de novo* to vitiate the arbitration award, failing to conduct a reasonable investigation before denying payment of benefits, and attempting to avoid liability because its insured was confused about which GEICO entity took specific actions), GEICO argued in reply that plaintiff had failed to identify any damages resulting from the alleged bad faith. Plaintiff did not have an opportunity to respond to this new argument, and it has not, therefore, been considered. *Sheikh v. Surgical Care Affiliates, LLC*, No. 8:23-CV-00586-FWS-DFM,

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7

2023 WL 4155395, at *1 (C.D. Cal. May 25, 2023) ("'[D]istrict court[s] need not consider arguments raised for the first time in a reply brief.' *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)").

Based on the current record, plaintiff has raised an inference that GEICO's investigation and refusal to pay benefits were unreasonable, frivolous, or unfounded and/or that the insurer overemphasized its own interests in the circumstances presented here.

**C.  CPA Claim**

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. To prevail on a private CPA claim, plaintiffs must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784 (1986). A violation of any subsection of the Washington Administrative Code 284-30-330 is a *per se* unfair or deceptive act under the CPA. *James E. Torina Fine Homes, Inc. v. Mut. of Enumclaw Ins. Co.,* 118 Wn. App. 12, 20-21 (2003). An insurer's breach of its duty of good faith also constitutes a *per se* violation of the CPA. *See Moratti ex rel. Tarutis v. Farmers Ins. Co. of Wash.*, 162 Wn. App. 495, 511 (2011).

GEICO concedes that there are disputed issues of fact regarding the first three elements of a CPA claim, but argues that plaintiff has not identified any injury to

business or property and therefore cannot establish a causal connection between the alleged unfair acts and a cognizable injury. Defendant's premise – that insurance proceeds designed to compensate for personal injuries are not recoverable under the CPA – has been rejected by the Washington Supreme Court. Plaintiff does "not seek to hold [her] insurance compan[y] liable for [her] underlying personal injuries. Instead, [she] seek[s] to hold [her] insurance company[y] liable for benefits owed under contract. We conclude that the deprivation of contracted-for insurance benefits is an injury to 'business or property' regardless of the type of benefits secured by the policy." *Peoples v. United Servs. Auto. Ass'n*, 194 Wn.2d 771, 779 (2019). Plaintiff has, since the very beginning of this dispute, quantified the lost insurance benefits at issue as $76,142.08. While GEICO disputes that amount, plaintiff has raised a triable issue regarding both injury and causation.

### D. Impact of the Arbitration Award

GEICO seeks a summary determination that it is not bound by the arbitration award because the at-fault tortfeasor requested a trial *de novo*. Washington State Superior Court Civil Arbitration Rule ("SCCAR") 7.2 is designed to keep the arbitration award from impacting or influencing the trial *de novo*. SCCAR 7.2(a) requires the clerk of court to seal the award in a way that prevents the presiding judge from accessing it. SCCAR 7.2(b)(1) forbids the parties from referencing the award in any written or oral statement before or during the trial: "[t]he trial *de novo* shall be conducted as though no arbitration proceeding had occurred," and the jury shall not be informed that there had been an

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9

arbitration proceeding. A request for trial *de novo* does not, however, make the arbitration a nullity. Testimony given during the arbitration may be admitted at the trial *de novo*, SCCAR 7.2(b)(2), the court will ultimately consider the arbitration award (or a subsequent offer of compromise) when determining whether the party who appealed the award has improved its position, RCW 7.06.050, and neither the statute nor the rule preclude consideration of the arbitration award in proceedings other than the trial *de novo*.

Plaintiff does not dispute the fact that a request for trial *de novo* was made, nor is there any evidence that the arbitration award has been reduced to judgment. The arbitration award does not, therefore, constitute a final judgment. But that finding does not resolve plaintiff's claims. Plaintiff argues (a) that a final, enforceable judgment is not necessary to establish the amount to which she is legally entitled for purposes of the UIM coverage provision, (b) that the arbitration award establishes that amount, and/or (c) that GEICO's bad faith conduct surrounding the arbitration precludes it from now challenging the arbitrator's determination of damages. GEICO squarely addresses only the first argument, baldly asserting that plaintiff is not "legally entitled to recover" the arbitration award.

> An insurance policy is a contract. RCW 48.01.040. A claim against the insurance company for underinsured motorist coverage is an action on the policy that sounds in contract, although an underlying tortious injury is also involved, which affects the contract claim. *Girtz v. N.H. Ins. Co.*, 65 Wn. App. 419, 422–23 (1992). We apply contract law to interpret the insurance policy, mindful that the insured's right to underinsured motorist benefits hinges on the existence of a tort cause of action against the underinsured

motorist. *E.g., Daley v. Allstate Ins. Co.*, 135 Wn.2d 777, 783–85 (1998); *Keenan v. Indus. Indem. Ins. Co. of N.W.*, 108 Wn.2d 314, 321 (1987). The relationship of the UIM insurer and insured is contractual, but the obligation to offer UIM coverage is statutory. *Fisher v. Allstate Ins. Co.*, 136 Wn.2d 240, 245 (1998). Washington's underinsured motorist statute requires UIM insurance to be "provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles." RCW 48.22.030(2). UIM insurers cannot reduce statutorily mandated UIM coverage through language in the insurance policy. *Liberty Mut. Ins. Co. v. Tripp*, 144 Wn.2d 1, 12 (2001) (citing *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 531 (1985)). "The UIM statute is ' "liberally construed in order to provide broad protection against financially irresponsible motorists." ' " *Diaz v. Nat'l Car Rental Sys., Inc.*, 143 Wn.2d 57, 61 (2001) (quoting *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 251 (1993) (quoting *Kenworthy v. Pa. Gen. Ins. Co.*, 113 Wn.2d 309, 313 (1989))). Consequently, in Washington, we consider contract principles, public policy, and legislative intent when deciding UIM cases. *E.g., Allstate Ins. Co. v. Ostenson*, 105 Wn.2d 244, 247–48 (1986); *Sayan v. United Servs. Auto. Ass'n*, 43 Wn. App. 148, 153 (1986).

*McIllwain v. State Farm Mut. Auto. Ins. Co.*, 133 Wn. App. 439, 445-46 (2006). The "legally entitled to recover damages" requirement is satisfied where an action against the tortfeasor would have been successful – *i.e.*, where the UIM insured *could* have proven the elements of a tort claim and overcome any available defenses – even if the insured has not sued the tortfeasor, proven fault in a court action, and/or obtained a judgment. *Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 550–52 (1985); *McIllwain*, 133 Wn. App. at 446-47. Thus, the fact that plaintiff did not pursue her lawsuit against Allen to judgment, instead settling for payment of the full benefits offered under Allen's inadequate insurance policy, does not preclude a claim for UIM benefits from GEICO or

limit the evidence of damages she may present in support of such a claim. Whether the arbitration award collaterally or equitably estops defendant from contesting the amount of damages awarded will be considered in the context of plaintiff's motion for judgment on her contract claim.

### III. CONCLUSION

For the foregoing reasons, GEICO's motion for summary judgment (Dkt. # 34) is GRANTED to the extent it sought a declaration that the arbitration award does not constitute a final judgment. Plaintiff has nevertheless shown that there are disputed issues of fact that preclude judgment on any of her claims.

Dated this 7th day of September, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge