UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA SANTIAGO,<br><br>                       Plaintiff,<br><br>        v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>                       Defendant. | CASE NO. C22-1370RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on plaintiff Angela Santiago's "Motion for Partial Summary Judgment on Contract Claim." Dkt. # 57. Plaintiff sued her insurer alleging claims of breach of contract, breach of the duty to act in good faith, and violations of the Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA"). Plaintiff seeks a summary determination that she is entitled to recover $76,142.08 under her underinsured motorist ("UIM") coverage, which is the outstanding balance on an arbitration award she obtained against the underinsured tortfeasor.

Summary judgment is appropriate when, viewing the facts in the light most

favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to defendant, the Court finds as follows:

I.   **BACKGROUND**

Plaintiff was injured in a car accident caused by the negligence of Latisha Allen. Plaintiff filed a lawsuit against Allen in July 2021. Allen was insured by GEICO General Insurance Company ("GEICO General") with a liability policy limit of $25,000. GEICO General defended the lawsuit on Allen's behalf, and plaintiff put her own insurer, defendant GEICO Advantage Insurance Company ("GEICO"), on notice that she may be making a claim for UIM benefits. The lawsuit proceeded to arbitration. Defendant did not intervene, leaving the defense of the case to GEICO General. Plaintiff obtained an arbitration award in the amount of $101,142.08. Allen filed a request for a trial *de novo* but settled the dispute before trial. GEICO General paid plaintiff its policy limit of $25,000.

On May 9, 2022, plaintiff requested that defendant pay the balance of the arbitration award, which was $76,142.08, under her UIM coverage. GEICO declined, asserting that Allen's request for a trial *de novo* negated the arbitration award and requesting information and documents regarding the accident and the claimed damages. GEICO ultimately determined that plaintiff had been fully compensated by GEICO General's payment of $25,000 and denied her claim for UIM benefits. Plaintiff argues

that GEICO is barred from challenging the arbitrator's calculation of damages because it declined to participate in the arbitration and/or settlement when given the chance, that the failure to pay was a breach of contract, and that she is entitled to an award of attorney's fees under *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

## II. DISCUSSION

Plaintiff's UIM policy provided coverage in the amount of $100,000 to "pay damages an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle due to[] bodily injury sustained by that insured and caused by an accident." Dkt. # 58-1 at 24. GEICO argues that plaintiff is not "legally entitled to recover" the arbitration award from Allen because Allen requested a trial *de novo* and the arbitral award was never reduced to a final judgment.[1] The Court has already determined that the arbitration award does not constitute a final judgment. Dkt. # 76 at 10. But that finding does not resolve plaintiff's claims. Plaintiff argues (a) that a final, enforceable judgment is not necessary to establish the amount to which she is legally entitled for purposes of the UIM coverage provision, (b) that Washington law forbids an insurer from forcing its insured to relitigate a claim in the hope of obtaining a more favorable result, and (c) that the arbitration award therefore establishes the amount plaintiff is legally entitled to recover.

An insurance policy is a contract. RCW 48.01.040. A claim against the

---

[1] For the reasons stated in the "Order Granting in Part Defendant's Motion for Summary Judgment," Dkt. # 76 at 9-10, the Court rejects GEICO's argument that a request for trial *de novo* made the arbitration a nullity.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 4

insurance company for underinsured motorist coverage is an action on the policy that sounds in contract, although an underlying tortious injury is also involved, which affects the contract claim. *Girtz v. N.H. Ins. Co.*, 65 Wn. App. 419, 422–23 (1992). We apply contract law to interpret the insurance policy, mindful that the insured's right to underinsured motorist benefits hinges on the existence of a tort cause of action against the underinsured motorist. *E.g., Daley v. Allstate Ins. Co.*, 135 Wn.2d 777, 783–85 (1998); *Keenan v. Indus. Indem. Ins. Co. of N.W.*, 108 Wn.2d 314, 321 (1987). The relationship of the UIM insurer and insured is contractual, but the obligation to offer UIM coverage is statutory. *Fisher v. Allstate Ins. Co.*, 136 Wn.2d 240, 245 (1998). Washington's underinsured motorist statute requires UIM insurance to be "provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles." RCW 48.22.030(2). UIM insurers cannot reduce statutorily mandated UIM coverage through language in the insurance policy. *Liberty Mut. Ins. Co. v. Tripp*, 144 Wn.2d 1, 12 (2001) (citing *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 531 (1985)). "The UIM statute is ' "liberally construed in order to provide broad protection against financially irresponsible motorists." ' " *Diaz v. Nat'l Car Rental Sys., Inc.*, 143 Wn.2d 57, 61 (2001) (quoting *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 251 (1993) (quoting *Kenworthy v. Pa. Gen. Ins. Co.*, 113 Wn.2d 309, 313 (1989))). Consequently, in Washington, we consider contract principles, public policy, and legislative intent when deciding UIM cases. *E.g., Allstate Ins. Co. v. Ostenson*, 105 Wn.2d 244, 247–48 (1986); *Sayan v. United Servs. Auto. Ass'n*, 43 Wn. App. 148, 153 (1986).

*McIllwain v. State Farm Mut. Auto. Ins. Co.*, 133 Wn. App. 439, 445-46 (2006). *See also Fisher v. Allstate Ins. Co.*, 136 Wn.2d 240, 244-45 (1998). The "legally entitled to recover damages" requirement is satisfied where an action against the tortfeasor would have been successful – *i.e.*, where the UIM insured *could* have proven the elements of a tort claim and overcome any available defenses – even if the insured has not sued the tortfeasor, proven fault in a court action, and/or obtained a judgment. *Elovich v.*

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 5

*Nationwide Ins. Co.*, 104 Wn.2d 543, 550–52 (1985); *McIllwain*, 133 Wn. App. at 446-47. Thus, the fact that plaintiff did not pursue her lawsuit against Allen to judgment, instead settling for payment of the full benefits offered under Allen's inadequate liability policy, does not preclude a claim for UIM benefits from GEICO or limit the evidence of damages she may present in support of such a claim.[2]

The question, then, is whether GEICO is bound by the arbitration award. In *Fisher*, the Washington Supreme Court held that when an insured with UIM coverage files an action against the tortfeasor, the insurer is bound by the results of the action if the insurer had notice and an opportunity to participate. 136 Wn.2d at 242. In reaffirming what has become known as the *Finney-Fisher* rule, the Supreme Court explained how the rule "straightforwardly" resolves a multitude of policy issues and concerns that arise in the UIM context.

> From the UIM carrier's point of view, there is concern about collusion between its insured and the tortfeasor, who may be judgment proof and have no real interest in the outcome of an arbitration or trial, leading to an artificially high award for the insured the carrier must pay. Another possibility is the tortfeasor might have minimal insurance coverage, thus

---

[2] In *Fisher*, the insured had obtained an arbitration award in her favor but did not reduce the award to a final judgment. 136 Wn.2d at 243. Because the insurer raised the issue for the first time in its petition for appellate review, the Washington Supreme Court declined to consider it, but noted that "authority exists for not requiring an arbitration award to be reduced to judgment." *Id.* at 252 n.6 (citing Restatement (Second) of Judgments §§ 13, 84 (1982) (suggesting a final arbitration award without a court judgment will suffice for collateral estoppel purposes)); *Finney v. Farmers Ins. Co.*, 21 Wn. App. 601 (following the majority rule which relies on collateral estoppel principles, but does not apply the doctrine's elements strictly); *Boyd v. Davis*, 127 Wn.2d 256, 262–63 (1995) (arbitral awards will not be modified by the court unless an error of law is shown); *Landmark v. Mader Agency, Inc.*, 126 Idaho 74 (1994) (declining to modify arbitral award for factual errors.)).

>lessening the incentive for the tortfeasor's insurance company to defend the action vigorously, again possibly leading to an artificially high award. These are legitimate concerns.
>
>From the insured's point of view, the insured should not have to relitigate a case depending on the whim of the UIM carrier. If, for instance, the outcome of litigation between the insured and the tortfeasor is a small award, the UIM carrier may decide simply to pay its insured rather than require a subsequent civil action or arbitration between it and its insured. On the other hand, if the outcome is a high award, the carrier may decide to force its insured to relitigate in the hope of obtaining a more favorable result. *Fisher*, 136 Wn.2d at 249.
>
>The *Finney–Fisher* rule straightforwardly resolves all of these concerns. Giving the UIM carrier timely notice of litigation between the insured and the tortfeasor, and the attendant opportunity to intervene, allows the carrier to protect its interests against a collusive or otherwise artificially excessive result from that litigation. The insured is not forced to endure multiple actions to secure proper recompense for its UIM coverage.

*Lenzi v. Redland Ins. Co.*, 140 Wn 2d 267, 274–75 (2000) (footnote omitted).

Defendant was given timely notice of plaintiff's lawsuit against Allen and had every opportunity to participate and protect its interests. It chose instead to leave the defense of the litigation to its sister company, GEICO General. Now, unhappy with the arbitrator's award, GEICO seeks to compel plaintiff to relitigate the calculation of damages, arguing that collateral estoppel does not apply because the arbitral award was not reduced to a final judgment. There are two problems with this argument. First, the *Finney-Fisher* rule is not based on "a strict collateral estoppel approach," but is rather animated by policy considerations that are unique to the UIM context, particularly "'[c]onsiderations of fairness and the avoidance of redundant litigation[,]' the prevention

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 7

of 'anomalous results,' and 'preventing insurers from picking and choosing their judgments' . . . ." *Lenzi*, 140 Wn.2d at 279-80 (quoting *Fisher*, 136 Wn.2d at 248). All of these factors favor binding GEICO to the arbitration award in this case, and the insurer offers no policy-based arguments in rebuttal. Second, the fact that there was no "final judgment on the merits" for purposes of a strict collateral estoppel analysis is the result of the procedural and timing choices of the various GEICO entities involved. Allen, defended by GEICO General, filed a request for trial *de novo*, thereby preventing plaintiff from reducing the arbitration award to judgment. Almost immediately thereafter, counsel for GEICO in this case substituted in as counsel for Allen and negotiated a settlement involving payment of the GEICO General policy limits without releasing the UIM claims against GEICO. The trial *de novo* therefore never occurred. Not only is strict application of the collateral estoppel elements unnecessary under Washington law (as discussed above), but, in the circumstances presented here, allowing GEICO to relitigate damages because its sister company (and its own counsel) effectively prevented entry of a final judgment on the merits would be unfair to its insured and would risk anomalous results. The policy considerations surrounding UIM coverage do not support GEICO's position.

       The Court finds that the arbitrator's determination of the damages issue is "sufficiently firm to be accorded conclusive effect," Restatement (Second) of Judgments § 13 (1981), and that the *Finney-Fisher* rule binds GEICO to the award.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 8

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment on her contract claim (Dkt. # 57) is GRANTED. Plaintiff is contractually entitled to $76,142.09 and is entitled to an award of attorney's fees under *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

Dated this 18th day of December, 2023.

Robert S. Lasnik
United States District Judge