UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA SANTIAGO,<br><br>                    Plaintiff,<br><br>          v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>                    Defendants. | CASE NO. 2:22-cv-01370-RSL<br><br>ORDER DENYING MOTION FOR ENTRY OF PARTIAL JUDGMENT |

This matter comes before the Court on "GEICO's Motion to Certify Order Granting Plaintiff Summary Judgment." Dkt. # 81. Defendant GEICO Advantage Insurance Company ("GEICO") requests entry of partial judgment on the breach of contract claim under Federal Rule of Civil Procedure 54(b). Pursuant to that rule, "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." The burden is on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the general presumption against piecemeal judgments and appeals. *See Costar Grp., Inc. v. Com. Real Est. Exch., Inc.*, No. 220CV08819CBMASX, 2023 WL 6783957, at *3 (C.D. Cal. July 20, 2023); *Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2021 WL 3493169, at

ORDER DENYING MOTION FOR ENTRY OF PARTIAL
JUDGMENT - 1

*3 (N.D. Cal. May 17, 2021); *Bird v. Oregon Comm'n for Blind*, No. 3:18-CV-01856-YY, 2019 WL 4167133, at *2 (D. Or. Sept. 3, 2019).

When determining whether there is "just reason" for delay, courts in this Circuit consider a number of factors taken from the Supreme Court's analysis in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980). *See Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts should evaluate "juridical concerns" related to piecemeal appeals, focusing on whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Jewel*, 810 F.3d at 628 (internal quotation marks, alterations, and citation omitted). The inquiry is pragmatic, turning on severability and efficient judicial administration. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005).

Second, courts should undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. The analysis focuses "on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). A consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2 (discussing *Curtiss-Wright*).

Finally, entry of a partial judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879; *see also Curtiss-Wright*, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). The Ninth Circuit "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882. Thus, "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding

the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").

Plaintiff has asserted multiple claims arising from GEICO's handling of her insurance claim, including breach of the duty to act in good faith, violations of the Washington Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"), and breach of contract. Plaintiff moved for, and the Court granted, summary judgment on the contract claim. Dkt. # 77. GEICO argues that a partial judgment and appeal of that claim is warranted because it can be resolved in isolation from the other claims and because immediate appellate resolution might facilitate settlement of the equitable and statutory claims. GEICO also makes the somewhat inconsistent argument that the contract and non-contract claims are intertwined such that the parties need a final appellate resolution of the contract claim in order to ensure that the equitable and statutory claims are evaluated correctly.

The Court declines to enter a partial judgment in this matter. An immediate appeal of the breach of contract determination would require the Court of Appeals to delve into the conduct of the two GEICO entities involved, including the way they responded to notices, defended claims, associated counsel, negotiated settlements, and communicated with plaintiff. Many of these same facts would have to be presented to the appellate panel again should a separate judgment on the equitable and statutory claims be entered. GEICO's argument that a second judgment would be unnecessary if an appellate ruling on the contract claim prompts a settlement of the remaining claims (1) is entirely speculative and (2) presupposes a stay of the remaining claims while the appeal is resolved. This matter is scheduled for trial in November 2024, with discovery and dispositive motions practice already completed. GEICO has not requested a stay of this litigation, nor has it offered any argument in support of delaying resolution of this case. With regards to GEICO's fear that resolution of the equitable and statutory claims will be colored by the

ORDER DENYING MOTION FOR ENTRY OF PARTIAL
JUDGMENT - 3

breach of contract finding, the claims are legally distinct. While the Court acknowledges that many of the facts are relevant to all of the claims, that is one of the reasons that piecemeal appellate review is to be avoided, not a justification for certification. GEICO has not shown that the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outweighed by any pressing needs of the litigants for an early and separate judgment regarding the contract claim.

For all of the foregoing reasons, the Court DENIES defendant's motion for entry of partial judgment under Rule 54(b). The Court further notes that a review of the docket shows that GEICO has retained new counsel in this matter, with previous counsel withdrawing without leave of Court. While the substitution will be permitted, GEICO is advised that there will be no extensions of time or the case management deadlines based on the association of new counsel.

Dated this 22nd day of April, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge